**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

RECEIVED

2009 JUL 10  P 3: 56

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| **Benny R. Curry,** ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Civil Action No.: 2:09CV649-mht |
| v. ) | **Plaintiff Demands Jury Trial** |
| ) | |
| **Capital One Bank, N.A.,** a foreign corporation, ) | |
| **Equifax Information Services, LLC,** a foreign ) | |
| limited liability company, **Experian Information** ) | |
| **Solutions, Inc.,** a foreign corporation, ) | |
| ) | |
| *Defendants.* ) | |

## COMPLAINT

**COMES NOW** Plaintiff, by and through the undersigned counsel, and would show unto

this Honorable Court as follows:

### PRELIMINARY STATEMENT

1.    This Complaint seeks actual, compensatory, statutory and / or punitive damages,

including injunctive and declaratory relief, brought by an individual consumer

(hereinafter referred to as "Plaintiff") against Defendants, jointly and severally, for

violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred

to as "the FCRA"), the Alabama Deceptive Trade Practices Act, Ala. Code 1975, § 8-19-

1, *et seq.* (hereinafter referred to as "the ADTPA"), and state common law causes of

action.

## JURISDICTION AND VENUE

2.   Jurisdiction of this Court arises under the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331,
and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Declaratory
relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Defendants' violations of
Plaintiff's rights, as alleged herein, occurred in Crenshaw County, Alabama, and were
committed within the Northern Division of the Middle District of Alabama.

## PARTIES

3.   Plaintiff Benny R. Curry (hereinafter referred to as "Plaintiff") is a natural person and a
resident and citizen of Barbour County, the State of Alabama, and of the United States.
Plaintiff is a "consumer" as that term is defined by the FCRA and Ala. Code 1975, § 8-
19-3(2).

4.   Defendant Capital One Bank, N.A.(hereinafter referred to as "Capital One" or
"Defendant") is a foreign corporation licensed to furnish credit to consumers within the
state of Alabama.

5.   Defendant Equifax Information Services, LLC (hereinafter referred to as "Equifax" or
"Defendant") is a foreign limited liability company licensed to do business within the
state of Alabama. Equifax is a consumer reporting agency, as defined in section 1681a(f)
of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing
information concerning consumers for the purpose of furnishing consumer reports, as
defined in section 1681a(d) of the FCRA, to third parties.

6.      Defendant Experian Information Solutions, Inc. (hereinafter referred to as "Experian" or
        "Defendant") is a foreign corporation licensed to do business within the state of
        Alabama.  Experian is a consumer reporting agency, as defined in section 1681a(f) of the
        FCRA, regularly engaged in the business of assembling, evaluating, and dispersing
        information concerning consumers for the purpose of furnishing consumer reports, as
        defined in section 1681a(d) of the FCRA, to third parties.

## FACTUAL ALLEGATIONS

**Defendant Capital One:**

7.      Plaintiff incorporates by reference herein paragraphs one (1) through six (6).

8.      On July 14, 2005 Plaintiff filed for debt relief under Title 11 of the United States
        Bankruptcy Code and was discharged on November 24, 2008.[1]

9.      Notwithstanding the aforesaid, Defendant continues to report Plaintiff's accounts to one
        or more of the three national consumer reporting agencies (hereinafter referred to as
        "CRAs") as having current balances due and payable, rather than reflecting that such
        were discharged in bankruptcy.

10.     More specifically, Defendant reported, and continues to report, to Equifax and Experian
        that Plaintiff has outstanding balances with, and remains personally liable to, Defendant
        for the amounts of $409.00 and $352.00.  In or around June 2009, Defendant reported to

---

[1]  United States Bankruptcy Court for the Middle District of Alabama, Case No.: 05-11446.

Equifax that Plaintiff owed the aforesaid sums to Defendant even though such accounts were included and discharged within Plaintiff's bankruptcy.

11.    Defendant obtained knowledge of Plaintiff's discharge on at least two separate occasions, *i.e.*, receipt of the BNC Certificate of Service – Meeting of Creditors and the BNC Certificate of Service – Order of Discharge, as the result of its inclusion within Schedule F - Creditor's Holding Unsecured Nonpriority Claims of Plaintiff's bankruptcy petition.

12.    Defendant recklessly, intentionally, willfully and/or maliciously failed to implement reasonable procedures to insure that Plaintiff's accounts are reported as having "0" balances as contemplated by the Fair Credit Reporting Act.  The FTC's Official Staff Commentary § 607 item 6 states that "a consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt." Acknowledging that the Federal Trade Commission's Staff Commentary lacks substantive precedential esteem it is persuasive in that it provides an explanation of the phrase "reasonable procedures."

13.    Notwithstanding that Defendant properly updates numerous accounts each month it negligently, intentionally, maliciously and/or willfully refused to do so with Plaintiff, and other similarly situated consumers.  More specifically, Defendant has a pattern or practice of failing and/or refusing to properly update credit files of consumers who have obtained debt relief through the U.S. Bankruptcy Code.

14. As stated by the Honorable Judge William R. Sawyer of the United States Bankruptcy Court for the Middle District of Alabama, "[t]he sheer number of ... cases [filed for a creditor's failure and/or refusal to update a discharged debtor's credit reports] may suggest that some creditors are systematically taking such action in an effort to diminish the value of a discharge in bankruptcy."[2]

15. Defendant promised, through subscriber agreements or contracts with the CRAs to update accounts that have been discharged in bankruptcy but willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, ADTPA, federal law and state law which has resulted in this information remaining on Plaintiff's credit reports.

16. Defendant has a tendency to "park" its accounts on at least one of Plaintiff's credit reports. This industry-specific term refers to keeping a false balance on the credit report so that the consumer will be forced to pay off the balance in order to obtain refinancing, qualify for a loan, or increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendant's unlawful conduct.

17. Defendant agreed to and understands it must follow the requirements of the FCRA

---

[2] In re Norman, 2006 WL 2818814 (Bankr.M.D.Ala. September 29, 2006) (*citing Irby v. Fashion Bug (In re Irby), 337 B.R. 293 (Bankr.N.D.Ohio 2005)* (reporting discharged debts as past due on credit report); *Helmes v. Wachovia Bank, N.A. (In re Helmes),* 336 B.R. 105 (Bankr.E.D.Va.2005) (reporting the discharged debt as "over 120 days past due" on credit report); *Smith v. Am. Gen. Fin. Inc. (In re Smith),* 2005 WL 3447645 (Bankr.N.D.Iowa Dec. 12, 2005) (reporting discharged debts as "account charged off/past due 180 days," "charged off as bad debt," and "charged-off" on credit report); *In re Miller,* 2003 WL 25273851 (Bankr.D.Idaho Aug. 15, 2003) (listing discharged debts as still due on the consumer's credit report); *Vogt v. Dynamic Recovery Servs. (In re Vogt),* 257 B.R. 65 (Bankr.D.Colo.2000) (reporting discharged credit card debts as still owed on credit report); *Carriere v. Proponent Fed. Credit Union,* 2004 WL 1638250 (W.D.La. July 12, 2004) (reporting discharged debts as "charged off" and "past due 180 days" on credit report)).

including, but not limited to, the following:

     a)     15 U.S.C. § 1681(a)(1)(A) which states, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."[3]

     b)     15 U.S.C. § 1681(a)(1)(B) which states, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if -

          (i)     the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

          (ii)     the information is, in fact, inaccurate."

     c)     15 U.S.C. § 1681(a)(2) which states, "[a] person who -

          (A)     regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

          (B)     has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information,

---

[3] As indicated herein, Defendant has either affirmed the validity of, or attempted to collect upon, these debts by reporting the same to the CRAs subsequent to Plaintiff's discharge.

> that is necessary to make the information provided by the person to the
> agency complete and accurate, and shall not thereafter furnish to the
> agency any of the information that remains not complete or accurate."
> (emphasis supplied).

18.    Defendant knows that "parking" balances on consumer accounts will lead to the
publication of false and defamatory information every time that consumer's credit reports
are accessed.  Because Plaintiff's credit reports have been accessed since the discharge,
Plaintiff has been defamed in that such false information has been published to third
parties.

19.    All actions taken by employees, agents, servants, or representatives of any type for
Defendant were taken in the line and scope of such individuals' (or entities') employment,
agency, or representation.

20.    Defendant's actions, engaging in a pattern or practice of parking balances on consumer
accounts that have been discharged in bankruptcy, were malicious, wanton, reckless,
intentional or willful, and performed with the desire to harm Plaintiff, with the
knowledge that its actions would very likely harm Plaintiff, and that its actions were
taken in violation of the law.

21.    The actions, omissions, misrepresentations, and violations of the FCRA, ADTPA, federal
law, and state law of Defendant, regarding Plaintiff's discharged debts, as described
herein, have proximately caused Plaintiff to suffer severe mental distress, mental and
physical pain, embarrassment, and humiliation of which Plaintiff will in the future

continue to suffer.

**Defendants Equifax and Experian:**

22. Defendants have failed to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information they have published, and continue to publish, in consumer credit reports in violation of 15 U.S.C. § 1681(e)(b).

23. Indisputably, based upon the sheer volume of factually identical actions, Defendants should reasonably be aware of the inadequacy of their procedures and implement policies to improve the accuracy of the information they publish. The FTC's Official Staff Commentary § 603 item B states that "[a] consumer reporting agency must also adopt reasonable procedures to eliminate systematic errors that it knows about, or should reasonably be aware of, resulting from procedures followed by its sources of information."

24. Defendants' intentional, reckless, and willful violations of the FCRA, ADTPA, federal law and state law has proximately caused Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer.

## COUNT ONE
## ALL DEFENDANTS
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT - 15 U.S.C. § 1681, *et seq.*

25. Plaintiff incorporates by reference herein paragraphs one (1) through twenty-four (24).

26. In the entire course of their actions, Defendants willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

a)    By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information they report as required by 15 U.S.C. § 1681(e)(b);

b)    By willfully and/or negligently failing to comport with reinvestigation procedures listed within 15 U.S.C. § 1681i;

c)    By willfully and/or negligently failing to fulfill their duties as listed within section 15 U.S.C. § 1681s-2, *i.e.* reporting information with actual knowledge of errors, reporting information after notice and confirmation of errors, failing to update and/or correct previously reported information determined to be inaccurate or incomplete, failing to provide notice of dispute, and failing to provide notice of closed account;

c)    Defaming Plaintiff by publishing to third parties false information regarding Plaintiff's creditworthiness;

d)    Invading the privacy of Plaintiff; and

e)    Failing in their duty to prevent foreseeable injury to Plaintiff.

27.    The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine credit reporting and/or credit furnishing business, and in gross reckless disregard of the rights of Plaintiff.

28.    As a result of the above violations of the FCRA, Defendants are liable for Plaintiff's actual, compensatory, and statutory damages, and costs and attorney's fees under the

FCRA.

**COUNT TWO**
**ALL DEFENDANTS**
**VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT**
**ALA. CODE 1975 § 8-19-3, *et seq.***

29.    Plaintiff incorporates herein by reference paragraphs one (1) through twenty-eight (28).

30.    The conduct described herein has caused actual confusion or misunderstanding as to the source, sponsorship, approval, or certification of services within the scope of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3.

31.    Such conduct is generally and specifically within the meaning of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3, *et seq.*, and in the course of business that is prohibited, unfair, and deceptive.

32.    The foregoing acts and omissions of Defendants were undertaken by them willfully, intentionally, and knowingly as part of their routine debt collection business, and Plaintiff relied upon such representations as being lawful, yet such conduct is prohibited.

33.    The conduct described herein has tremendous potential to be repeated where other consumers similarly situated will be treated with the same unscrupulous, unethical, unfair and deceptive acts and practices.

34.    Defendants' unfair and deceptive acts have proximately caused emotional and actual damages, and Defendants are liable to Plaintiff for such injury.

## COUNT THREE
## DEFENDANT CAPITAL ONE
## NEGLIGENT, RECKLESS AND WANTON CONDUCT

35.     Plaintiff incorporates herein by reference paragraphs one (1) through thirty-four (34).

36.     Defendant's acts, as described herein, were done so negligently and without care or concern for the well-being of Plaintiff.

37.     As a proximate consequence of Defendant's negligence, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendant is liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT FOUR
## ALL DEFENDANTS
## INVASION OF PRIVACY

38.     Plaintiff incorporates by reference herein paragraphs one (1) through thirty-seven (37).

39.     Defendants' conduct, as described herein, constitutes an invasion of Plaintiff's privacy in that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and places Plaintiff in a false light in the eyes of those to whom the publications are made.

40.     Defendants' actions were done so maliciously, without privilege, and with a willful intent to injury Plaintiff.

41.     As a proximate consequence of Defendants' invasion of Plaintiff's privacy, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT FIVE
## ALL DEFENDANTS
## DEFAMATION

42.   Plaintiff incorporates by reference herein paragraphs one (1) through forty-one (41).

43.   Defendants published false information about Plaintiff by reporting to one or more of the
      CRAs, or other third parties, either a false account or balance.

44.   Likewise, Defendants published false information about Plaintiff each time Plaintiff's
      credit reports were accessed – which was the result intended by Defendants.

45.   The publications and defamations were done so maliciously, without privilege, and with
      a willful intent to injure Plaintiff.

46.   As a proximate consequence of Defendants' false reporting or publishing, Plaintiff has
      been caused to suffer severe emotional and mental distress, and Defendants are liable to
      Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and
      any other and further relief deemed appropriate by this Court.

## COUNT SIX
## DEFENDANT CAPITAL ONE
## MISREPRESENTATION

47.   Plaintiff incorporates by reference herein paragraphs one (1) through forty-six (46).

48.   Defendant intentionally, maliciously, recklessly and/or negligently misrepresented
      material facts in that it falsely represented to others that Plaintiff owes money to that
      Defendant.

49.   Defendant intends that those who review the credit reports of Plaintiff will rely upon the
      misrepresentations and suppressions of material fact related to the balance owed and the

lack of indication that the accounts were discharged in bankruptcy.

50.     Defendant intends that the justifiable and reasonable reliance by others will adversely

        affect Plaintiff.

51.     As a proximate consequence of Defendant's intentional misrepresentation, Plaintiff has

        been caused to suffer severe emotional and mental distress, and Defendant is liable to

        Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and

        any other and further relief deemed appropriate by this Court.

**COUNT SEVEN**
**DEFENDANT CAPITAL ONE**
**DECLARATORY AND INJUNCTIVE RELIEF**

52.     Plaintiff incorporates herein by reference paragraphs one (1) through fifty-one (51).

53.     A dispute exists as to whether Defendant has violated the FCRA, ADTPA, federal law or

        state law.

54.     Plaintiff is entitled to injunctive relief, a declaratory judgment, and a determination that

        Defendant violated the FCRA, ADTPA, federal law, and state law, and Plaintiff is

        similarly entitled to an order enjoining said acts.

55.     As a result of Defendant's actions, omissions and violations, Plaintiff is entitled to actual,

        compensatory, statutory and/or punitive damages, reasonable attorney's fees, and all costs

        for time lost at work and litigating this matter.

56.     Defendant's actions, omissions, and violations, as alleged herein, constitute the negligent

        and intentional infliction of mental and emotional distress upon Plaintiff, proximately

        causing Plaintiff to suffer great mental distress, mental and physical pain,

        embarrassment, humiliation, and will in the future to continue to suffer the same.

## PRAYER FOR RELIEF

**WHEREFORE, THE PREMISES CONSIDERED,** Plaintiff respectfully prays that judgment be entered against Defendants, jointly and severally, by this Court for the following:

a) Enter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendant Capital One to be unlawful, enjoining such Defendant from continuing to engage in such conduct, and granting such additional equitable relief as may be appropriate;

b) Award Plaintiff actual damages;

c) Award Plaintiff punitive damages;

d) Award Plaintiff statutory damages where applicable;

e) Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment;

f) Award Plaintiff reasonable attorney's fees and costs of this litigation; and

g) Grant such other and further relief as this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED** this the 6th day of July, 2009.

Anthony Brian Bush (BUS028)
*Attorney for Plaintiff*
The Law Office of Jay Lewis, LLC
847 South McDonough Street, Suite 100
Montgomery, Alabama 36104
Phone:        (334) 263-7733
Facsimile:    (334) 832-4390
Bar Id. #:  ASB-7306-A54B
anthonybbush@yahoo.com

## THE DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:

CAPITAL ONE BANK
6356 Corley Road
Norcross, Georgia 30091

EQUIFAX INFORMATION SERVICES, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

EXPERIAN INFORMATION SOLUTIONS, INC.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109